IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01303-PAB-MEH

BARRY G. GUSTAFSON, a resident of Colorado,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., a Wisconsin corporation,

Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Motion to Exclude Testimony [Docket No.

104] filed by plaintiff Barry G. Gustafson.  The motion is fully briefed and ripe for

resolution.

## I.  BACKGROUND

This case involves an insurance coverage dispute between Mr. Gustafson and

defendant American Family Mutual Insurance Company ("American Family").  On May

17, 2011, Mr. Gustafson initiated this action seeking, among other things, a declaratory

judgment that American Family breached its duty to defend Mr. Gustafson in a case in

this District, *American Family Mut. Ins. Co. v. Gustafson*, No. 08-cv-02772-MSK (the

"Underlying Action").  On January 20, 2012, both parties filed motions for summary

judgment.  *See* Docket No. 34; Docket No. 36.  On October 5, 2012, the Court issued a

Summary Judgment Order [Docket No. 91], finding that American Family had a duty to

defend Mr. Gustafson in the Underlying Action and breached that duty by not paying for

his defense.  Docket No. 91 at 20.  The order also dismissed Mr. Gustafson's other claims for relief.  *Id*. at 27-28.  Thus, the only issue remaining in this case is the amount of damages suffered by Mr. Gustafson as a result of American Family's breach of the duty to defend.

At the October 12, 2012 Trial Preparation Conference, the Court ordered the parties to file amended witness and exhibit lists in light of the summary judgment order.  Docket No. 94.  However, the Court did not grant the parties the right to endorse new witnesses or new areas of testimony for those witnesses already endorsed.  American Family's amended witness list identifies four "may call" witnesses: Mary Gibbons, Robert Zupkus, Wilfredo "Lonnie" David, and Robert Baldwin.  Docket No. 101-1.

In his motion, Mr. Gustafson moves to strike the proffered testimony of Ms. Gibbons, Mr. Zupkus, and Mr. Baldwin on the grounds that American Family failed to disclose the scope of the proffered testimony from these witnesses in violation of Rule 26(a) of the Federal Rules of Civil Procedure.  Docket No. 104 at 2.

## II.  ANALYSIS

### A.   Mary Gibbons

In its amended witness list, American Family discloses Ms. Gibbons as a "may call" witness.  Docket No. 101-1 at 1.  Ms. Gibbons is the managing attorney in the legal department for American Family's Western Regional office located in Englewood, Colorado.  *Id*.  American Family intends to elicit testimony from Ms. Gibbons stating that, based on her personal knowledge, "American Family Mutual Insurance Company

2

retains and pays defense attorneys in Denver $150 an hour for cases of the [same] character and complexity" as the Underlying Action. *Id*.

Mr. Gustafson seeks to preclude Ms. Gibbons' testimony on the grounds that Ms. Gibbons was not disclosed in American Family's initial disclosures, *see* Docket No. 104-1, and that American Family's endorsement of Ms. Gibbons in the Final Pretrial Order limited the scope of her testimony to American Family's efforts to secure "an independent coverage opinion after former agent Gustafson[] [filed a] claim for coverage." Docket No. 52 at 8. He asserts that, as a result of American Family's inadequate disclosure, he was unable to perform necessary discovery about Ms. Gibbons' knowledge of attorneys' fees, unable to designate an expert to rebut her testimony, and unable to appropriately focus his trial strategy to this aspect of Ms. Gibbons' proposed testimony. Docket No. 115 at 5.

In addition, Mr. Gustafson claims that Ms. Gibbons may not testify as to the reasonableness of attorneys' fees because she was not disclosed as an expert. *Id*. at 7. Mr. Gustafson contends that Ms. Gibbons' testimony with respect to the "reasonableness" of attorneys' fees qualifies as expert opinion, which is inadmissible under Rule 701 of the Federal Rules of Evidence. Docket No. 104 at 7.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party must disclose to the other party in advance of formal discovery:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – *along with the subjects of that information* – that the disclosing party may *use to support its claims or defenses*, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  While a party is not required to provide a complete recitation of an individual's knowledge, Rule 26(a)(1)(A) disclosures should indicate "briefly the general topics on which such persons have information."  *See* Fed. R. Civ. P. 26(a)(1)(A) Adv. Comm. Notes (1993); *accord Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. Sept. 5, 2007).  The mandatory disclosure requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, to "help focus the discovery that is needed, and facilitate preparation for trial or settlement."  *See* Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993).  Because the purpose of Rule 26(a)(1) is to accelerate the exchange of basic information and prevent a party from being unfairly surprised, "disclosure requirements should, in short, be applied with common sense" to help focus discovery and prevent the risk that litigants will "indulge in gamesmanship with respect to the[ir] disclosure obligations."  *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (citing Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993)); *see Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004).

In this case, it is undisputed that American Family did not disclose Ms. Gibbons in its initial disclosures.  *See* Docket No. 104-1.  Additionally, it is also undisputed that, in the final pretrial order, American Family only disclosed that Ms. Gibbons would testify about American Family's efforts to secure an independent coverage opinion.  Docket No. 52 at 8.  Based on these facts, the Court finds that American Family clearly did not comply with Rule 26(a)(1)(A)(i)'s requirement that it provide Mr. Gustafson with

information about the relevant subjects known by Ms. Gibbons.[1]  *See Sender*, 225

F.R.D. at 653 (finding that Rule 26(a)(1) contemplates that "a disclosing party [will]

correlate initial disclosures to specific claims or defenses of particular adverse parties").

A party's failure to comply with Rule 26(a) subjects it to the sanctions identified in

Fed. R. Civ. P. 37(c)(1).  Pursuant to Rule 37(c)(1), "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not

allowed to *use that information* or witness to supply evidence on a motion, at a hearing,

or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

37(c)(1) (emphasis added).  The Tenth Circuit considers four factors in determining

whether the failure to disclose is substantially justified or harmless: (1) the prejudice or

surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for

trial disruption; and (4) the erring party's bad faith or willfulness.  *Woodworker's Supply,*

*Inc. v. Principal Mut. Ins. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  The

determination of whether a Rule 26(a) violation is justified or harmless is entrusted to

the broad discretion of the district court.  *Id*.  The nonmoving party has the burden of

showing that it was substantially justified in failing to comply with Rule 26(a)(1).  *Nguyen*

*v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).  Applying these factors to the case,

---

[1]Unlike *Lobato*, American Family's violation of Rule 26(a)(1) is not related to the specificity of American Family's disclosure.  *See Lobato*, 2007 WL 2593485, at *5 (the "Advisory Committee's reference to 'topics' suggests that the disclosing party must provide more than a perfunctory statement that the identified person has information 'about the case'").  Instead, the issue here is that American Family disclosed a subject for Ms. Gibbons' testimony (i.e. the efforts taken by American Family to secure an independent opinion on whether there was coverage in the Underlying Action), but now seeks to present testimony about a different, undisclosed subject (i.e., the rate of attorneys' fees American Family pays when it provides defense benefits under a liability provision).

the Court finds that American Family has failed to show that its Rule 26(a) violation was justified or harmless.

American Family contends that, because Mr. Gustafson deposed Ms. Gibbons, he should have known that, as the managing attorney in American Family's legal department, Ms. Gibbons would have knowledge of the rates American Family paid to its defense lawyers.  Docket No. 109 at 6.  American Family asserts that, because Mr. Gustafson failed to question Ms. Gibbons about attorneys' fees, he cannot claim prejudice from this lack of information.  *Id*.  The Court disagrees.

A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures. *Sender*, 225 F.R.D. at 656.  Moreover, the fact that the opposing party may have known the identity of a possible witness "is no substitute for compliance with Rule 26." *Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004).  A court, however, may treat the failure to disclose witness information as harmless "if the other party was well aware of the identity of the undisclosed witness and the *scope of their* [sic] *relevant knowledge well before trial*." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (emphasis added) (quoting 6 James Wm. Moore *et al.*, Moore's Federal Practice § 26.27 [2][d] at 26-94 (3rd ed. 2005) ; *Hertz v. Luzenac Am., Inc.*, No. 04-cv-1961-LTB-CBS, 2006 WL 994431, at *7 (D. Colo. Apr. 13, 2006) ("[D]isclosures should provide the opposing party with enough useful information to make informed decisions regarding discovery and trial preparation").  American Family never notified Mr. Gustafson that it intended to use Ms. Gibbons to testify about attorneys' fees.  Mr.

Gustafson was prejudiced without this information because he could not effectively question Ms. Gibbons about attorneys' fees or otherwise organize discovery around the attorneys' fees issue since there was no indication this issue would be challenged at trial. *See City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (Rule 26 disclosures function "to assist the parties in focusing and prioritizing their organization of discovery").

Moreover, Ms. Gibbons' general description of her responsibilities at American Family – in a deposition taken in the Underlying Action – is insufficient to alert Mr. Gustafson that American Family would seek testimony about attorneys' fees. Simply because Ms. Gibbons' identity was disclosed to Mr. Gustafson does not excuse American Family from discharging its Rule 26 obligations to identify the subjects it will elicit for its own defenses. *Mehus*, 326 F. Supp. 2d at 1219 (that the opposing party may have known of the identity of a possible witness "is no substitute for compliance with Rule 26"); *see also Niles v. Am. Airlines Inc.*, 563 F. Supp. 2d 1208, 1212 (D. Kan. 2008) ("Rule 26(a)(1) does not permit a party to avoid its mandatory discovery obligations by arguing that the other side could have relied on its own resources to obtain the same information."); *cf. Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("to avoid prejudice Dr. Jacobsen needed to know the substance of the experts' testimony"). Because the purpose of Rule 26 is to avoid gamesmanship and to facilitate discovery for trial preparation, the Court finds that American Family's failure to disclose its intent to call Ms. Gibbons to testify about attorneys' fees was prejudicial because it adversely impacted Mr. Gustafson's ability to conduct discovery in advance of trial. *Robinson*, 412 F. App'x at 877; *Windom v. FM Industries, Inc.*, 2003 WL

7

21939033, *2 (D. Neb. Aug. 12, 2003) (Rule 26's purpose is to provide the parties "with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement") (citation omitted).

With respect to the second and third *Woodworker's* factors, the Court finds that American Family cannot cure its failure to comply with Rule 26(a)(1).  In order for Mr. Gustafson to adequately prepare in light of American Family's violation, he would have to either depose Ms. Gibbons in this action or secure a rebuttal expert to counter her testimony, which necessarily requires re-opening discovery.  Given that the trial is set to commence in less than two weeks, the Court finds that American Family has not shown that it is capable of curing any defects causing prejudice.  *See Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 2009 WL 3672502, at *5 (D.N.M. Sept. 29, 2009) (finding that prejudice could not be cured because there was little time before trial to prepare a rebuttal expert or investigate the principles underlying the expert's opinions).

Finally, with respect to bad faith or willfulness, the Court finds no evidence of either.  The absence of bad faith alone, however, cannot justify American Family's failure to disclose.  *See Jacobsen*, 287 F.3d at 954 ("[G]ood faith alone would not be enough to overcome the other factors.").  Accordingly, the Court concludes that the exclusion of Ms. Gibbons' testimony is warranted because American Family has failed to show that its violation of Rule 26(a) was justified or harmless.  As explained above, the only justification presented by American Family is that Mr. Gustafson "should have known" that this testimony would be at issue.  This is insufficient to avoid sanctions under Rule 37(c), especially given that American Family has been privy to this information since the beginning of the case.  Therefore, pursuant to Rule 37(c)(1), Ms.

8

Gibbons is precluded from providing testimony with respect to the rate of attorneys' fees American Family pays when it provides defense benefits.

### B.   Robert Zupkus

In its amended witness list, American Family disclosed Robert Zupkus as a "may call" witness.  Docket No. 101-1 at 1.  Mr. Zupkus is an insurance defense attorney retained by American Family as an expert witness to opine about whether "insurance coverage [was] available to Mr. Gustafson for the [Underlying Action] under American Family policy #05X3467309, issued for the period 7-30-07 – 7-30-08 and renewed until cancelled on 7-31-08."  Docket No. 104-2 at 1.  In its amended witness list, American Family disclosed Mr. Zupkus as a may-call witness who would testify that:

> His rates when he is performing insurance defense work vary . . . between $175 and $225 for partners, $165 and $200 for associates, and $85 and $105 for paralegals.  Despite this range, for approximately 80% of his work as an insurance defense attorney, his rates for partners are between $175 and $195, for associates between $165 and $175, and for paralegals between $85 and $90.

Docket No 101-1 at 1.

Mr. Gustafson objects to Mr. Zupkus' proffered testimony.  Docket No. 104 at 3. Mr. Gustafson argues that American Family only disclosed Mr. Zupkus as an expert pursuant to Rule 26(a)(2) and that his expert report only discuses whether Mr. Gustafson's claim for defense benefits was covered by American Family's insurance policy.  *See* Docket No. 104-2.  Mr. Gustafson claims that Mr. Zupkus' proffered testimony is irrelevant to the issues in this case and should be excluded pursuant to Rule 37(c) because this subject matter was not disclosed as required by Rule 26(a)(1) and Rule 26(a)(2).  Docket No. 115 at 6.

9

American Family argues that, even though Mr. Zupkus was not disclosed as a witness with knowledge about attorneys' fees, Mr. Gustafson had "the requisite information and knowledge to examine Mr. Zupkus and his failure to do so does not create unfair surprise or harm." Docket No. 109 at 8.  In addition, American Family clarifies that Mr. Zupkus' testimony about the rates he personally charges when performing insurance defense work is not expert testimony, but rather is proffered as lay witness testimony pursuant to Rule 701 of the Federal Rules of Evidence. *Id.* at 9-10.

Generally, all witnesses, regardless of the nature of the proposed testimony, must be identified and are subject to Rule 26(a)(1)'s disclosure requirements. *Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007).  As noted above, Rule 26(a)(1) requires the proponent of a witness to identify the subject of discoverable information the witness may possess. Fed. R. Civ. P. 26(a)(1)(A)(i).[2]  Although Mr. Zupkus was disclosed as an expert witness, to the extent American Family sought to provide lay

---

[2]Similarly, pursuant to Rule 26(a)(2) "a party must disclose to the other parties the identity of any witness it may use at trial to present ... [expert testimony, and the disclosure must] be accompanied by a written report ... prepared and signed by the witness[,] ... contain[ing] a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2).  Moreover, for "an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e).

testimony from Mr. Zupkus – not related to his expert report – it had a duty to disclose the relevant subject matter pursuant to Rule 26(a)(1).  *Watson*, 485 F.3d at 1107.

It is undisputed that Mr. Zupkus was not identified in American Family's initial disclosures, Docket No. 104-1, and that in its expert disclosures, American Family indicated that Mr. Zupkus would testify "consistent with the opinions and conclusions reached in his report dated February 1, 2010, previously provided to Mr. Gustafson, his deposition taken on February 12, 2010, his supplemental reported dated December 1, 2011, as well as with any other supplemental reports and deposition testimony."  *See* Docket No. 109-9.  None of these disclosures, however, identified Mr. Zupkus as a witness who would testify about the rate he charges for his services as a defense attorney in insurance cases.  Based on the foregoing, the Court finds that American Family's disclosure of Mr. Zupkus does not comply with the requirements of Rule 26(a)(1)(A)(i).[3]  Thus, Mr. Zupkus' proffered testimony is admissible only if American Family can show that its failure to comply with Rule 26(a)(1) was justified or harmless.  *See Woodworker's*, 170 F.3d at 993 (to determine whether a violation was justified or harmless, the district court should consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice;

_____

[3]Because American Family claims, and the Court agrees, that Mr. Zupkus' testimony with respect to what he charges his clients is not expert testimony, the Court will focus its sanctions inquiry on American Family's failure to comply with Rule 26(a)(1) and not Rule 26(e)(2)'s requirement that a party supplement its expert's report.  *See Jayhawk Capital Mgmt., LLC v. LSB Indus., Inc.*, 2011 WL 1626581, at *8-9 (D. Kan. April 28, 2011) ("Because the Court has determined that McCarthy's proposed testimony is not expert testimony, the Court considers whether McCarthy's testimony should be precluded because Plaintiffs did not specifically identify "damages" as an item that McCarthy would testify about.").

(3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness").

The Court finds that American Family's failure to provide adequate Rule 26(a)(1)(A)(i) disclosures for Mr. Zupkus was not substantially justified or harmless. First, Mr. Gustafson was prejudiced by American Family's failure to disclose Mr. Zupkus as a witness with information about attorneys' fees because it deprived Mr. Gustafson of the ability to ask relevant questions when he deposed Mr. Zupkus. *Lobato*, 2007 WL 2593485, at *5 ("While a party is not necessarily required to provide a minute recitation of the putative witness' knowledge, the Rule 26(a)(1)(A) disclosure should indicate briefly the general topics on which such persons have knowledge").   American Family's failure to disclose this subject matter also deprived Mr. Gustafson of the opportunity to secure rebuttal testimony to challenge Mr. Zupkus' testimony.  *Sender*, 225 F.R.D at 656.  To the extent American Family argues that Mr. Gustafson should have known to question Mr. Zupkus about the rate he charges for his work as a defense attorney, the Court rejects the proposition that plaintiff should have been clairvoyant or thorough to the point of exhausting subjects not relevant at the time.  Accordingly, the Court finds that American Family's failure to disclose its intention to elicit testimony from Mr. Zupkus about attorneys' fees was prejudicial because it adversely affected Mr. Gustafson's ability to prepare for trial. *Robinson*, 412 F. App'x at 877.  The Court also finds that American Family cannot cure its failure to disclose the scope of Mr. Zupkus' proffered testimony because such a cure would require re-opening discovery.

Accordingly, the Court finds that the exclusion of Mr. Zupkus' testimony is warranted because American Family has failed to show that its violation of Rule 26(a)

12

was justified or harmless.  Therefore, pursuant to Rule 37(c)(1), Mr. Zupkus is precluded from providing testimony about the rate of attorneys' fees he charges for his services as a defense attorney.

### C.   Robert Baldwin

In its amended witness list, American Family disclosed Mr. Baldwin as a "may call" witness.  Mr. Gustafson retained Mr. Baldwin as an expert witness to opine about whether "American Family is required to provide a defense to Mr. Gustafson in the [Underlying Action], whether American Family acted in good faith or bad faith in its handling of [Mr. Gustafson's] claim, and whether American Family had any factual basis for its claims against him."  Docket No. 104-3.  According to its amended witness list, American Family will elicit testimony from Mr. Baldwin that "he was paid $275 dollars an hour for expert coverage work in the [Underlying Action]" and that "when there is a duty to defend, the price paid for defense work is at insurance defense prices."  Docket No. 101-1 at 2.

Mr. Gustafson seeks to preclude American Family from presenting Mr. Baldwin's testimony at trial on the grounds that American Family never disclosed Mr. Baldwin as a witness in the final pretrial order or in its initial disclosures.  Docket No. 104 at 2-3. Moreover, Mr. Gustafson claims that the rate Mr. Baldwin charged Mr. Gustafson in the Underlying Action is irrelevant because he was retained as an expert and not as an attorney defending the claim.  *Id*. at 4.  Furthermore, Mr. Gustafson asserts that Mr. Baldwin has never been disclosed as having knowledge about the reasonableness of attorneys' fees in a duty to defend case.  Docket No. 115 at 7.

13

In response, American Family argues that, even though it did not disclose Mr. Baldwin as a potential witness, because Mr. Baldwin is Mr. Gustafson's expert witness, the failure to comply with Rule 26(a) is harmless.  Docket No. 109 at 7.  American Family claims that it has the right to cross examine Mr. Baldwin on all opinions he provided during his deposition, specifically his opinion "that when an insurance company owes a defense, they owe the defense at insurance defense prices not premium prices."[4]  *Id*. at 7.  American Family asserts that Mr. Gustafson has prior knowledge of the rates Mr. Baldwin charges to provide expert testimony and that Mr. Baldwin's deposition testimony has been known to Mr. Gustafson for several months and cannot constitute a surprise.  *Id*.

As noted above, a party who fails to comply with Rule 26(a)'s disclosure requirements is usually subject to sanctions under Rule 37(c).  However, the advisory committee notes explain that Rule 37(c)(1)'s automatic sanction should not apply where one party fails to "list as a trial witness a person so listed by another party."  Fed. R. Civ. P. 37(c) Adv. Comm. Notes (1993); *accord Equal Employment Opportunity Commission v. Outback Steak House of Fla., Inc.*, No. 06-cv-01935-EWN-KLM, 2008 WL 3992172, at *14 (D. Colo. Aug. 20, 2008).  The advisory committee notes make it clear that a party will not be allowed to insist on the exclusion of a witness when that party has itself recognized the witness' importance by including him in its own Rule 26(a)(1)

---

[4]In his deposition, Mr. Baldwin testified that "[t]he case in Denver was [a] title insurance [case] and had to do with whether the title insurance company owed a defense and whether they owed rates at insurance defense prices or Arnold & Porter prices."  Docket No. 109-10 at 2 (Baldwin Dep. 57:17-58:24).

disclosures.  *Niemeyer v. Ford Motor Co.*, 2012 WL 845668, at *2 (D. Nev. March 12, 2012).

Mr. Gustafson makes two arguments with respect to American Family's attempt to introduce Mr. Baldwin's testimony at trial.  First, Mr. Gustafson claims that evidence of what Mr. Baldwin charged Mr. Gustafson for expert testimony in the Underlying Action is irrelevant to the issue of damages in this case.  Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  In addition, "[r]elevant evidence is admissible unless . . . the United States Constitution; a federal statute; [Rules of Evidence]; or other rules prescribed by the Supreme Court" provides otherwise.  Fed. R. Evid. 402.  American Family has failed to articulate how evidence regarding Mr. Baldwin's fee as an expert in the Underlying Action demonstrates the reasonableness of Mr. Gustafson's defense attorneys' fees in the Underlying Action.  Given the notable difference between the services provided by expert witnesses and those provided by defense attorneys, the Court finds that evidence of the rate Mr. Baldwin charged Mr. Gustafson for his expert testimony in the Underlying Action would not make it any more or less likely that Mr. Gustafson's attorneys' fees were reasonable.  *See* Fed. R. Evid. 401.  Thus, American Family is precluded from soliciting testimony about Mr. Baldwin's expert rate for the purpose of establishing the reasonableness of Mr. Gustafson's claimed attorneys' fees.  However, American Family may solicit testimony from Mr. Baldwin with respect to whether the rate he charged Mr. Gustafson in the Underlying Action is a reasonable rate for an

15

expert witness to the extent American Family challenges Mr. Gustafson's claim of expert witness costs regarding Mr. Baldwin.

Mr. Gustafson's second argument is that Mr. Baldwin's proposed testimony is beyond the scope of his expert report. Docket No. 115 at 7. The Court agrees. Generally, expert witnesses are not limited to reading their reports from the stand; rather, the expert is expected to "supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). Thus, an expert's testimony that expands upon an opinion the expert expressed in a previous report or deposition is admissible. *Wells Fargo Bank N.A. v. LaSalle Bank Nat'l Assoc.*, 2011 WL 1303949, at *9 (W.D. Okla. April 1, 2011). However, the testimony American Family seeks to elicit from Mr. Baldwin lies beyond the scope of his expert report. As noted above, Mr. Baldwin's expert report is limited to whether Mr. Gustafson's activities were covered under American Family's insurance policy and whether American Family processed Mr. Gustafson's claim in bad faith. *See* Docket No. 104-3. Mr. Baldwin's expert report does not include an opinion about the proper measure of damages in a duty to defend case and the fact that Mr. Baldwin may have commented about this topic during his deposition is insufficient to satisfy the disclosure requirements of Rule 26(a)(2).

In *Scholl v. Pateder*, No. 09-cv-02959-PAB-KLM, 2011 WL 3684779, at *3 (D. Colo. Aug. 22, 2011), the court was presented with a similar issue. The plaintiffs disclosed an expert, Paul McAfee, and provided Dr. McAfee's expert report opining about alleged negligence. *Id.* at *1. During Dr. McAfee's deposition, the plaintiffs

16

questioned Dr. McAfee about six opinions that were not disclosed in his expert report. *Id*.  The defendant then moved to preclude the plaintiffs from presenting Dr. McAfee's six previously undisclosed opinions at trial pursuant to Rule 37(c) for plaintiffs' failure to comply with Rule 26(a)(2).  *Id*.  In ruling for the defendant, the court found that additional opinions provided by an expert during the expert's deposition did not cure the failure to disclose the opinion in the expert's report because "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony."  *Id*. at *3 (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)); *see also Fiber Optic Designs v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("A deficient expert report should be met with a motion to supplement or a motion to compel, not a notice of deposition").

Although in this case it is American Family, the party opponent, seeking to expand the scope of Mr. Baldwin's testimony, the Court nonetheless finds that American Family's disclosure in the amended witness list does not comply with Rule 26(a)(2) and the failure to comply is not justified or harmless.  American Family had an opportunity to identify Mr. Baldwin as a witness on the subject of attorneys' fees in the final pretrial order, but did not do so.  Instead, on the eve of trial, it now discloses its intent to provide testimony from Mr. Baldwin that is outside the scope of Mr. Baldwin's expert report and which arises out of a side conversation during Mr. Baldwin's deposition.  The Court finds that American Family's disclosure in the amended witness list is the type of disclosure Rule 26(a) was enacted to prevent.  *See Smith v. Ford Motor Co.*, 626 F.2d 784, 791-97 (10th Cir.1980) (holding that the trial court abused its

17

discretion in allowing expert testimony on a topic totally outside the scope of the pretrial endorsement).

American Family's failure to disclose its intent to have Mr. Baldwin testify about attorneys' fees is prejudicial because "it appears likely [that Mr. Baldwin's] testimony at trial will contain substantially more information than was presented in the expert report[]." *Jacobsen*, 287 F.3d at 953. In other words, although Mr. Baldwin is Mr. Gustafson's expert, Mr. Gustafson will be prejudiced due to the fact that the American Family's intent to expand Mr. Baldwin's expert testimony was not known by him when he was preparing for trial. *Scholl*, 2011 WL 3684779, at *4.

In sum, Rule 37(c)(1) functions to preclude both witnesses and information. Because American Family failed to timely disclose its intent to call Mr. Baldwin to testify about the reasonableness of attorneys' fees in duty to defend cases, the Court finds that, pursuant to Rule 37(c)(1), it is precluded from eliciting that testimony at trial.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff Barry G. Gustafson's Motion to Exclude Testimony of Mary Gibbons, Robert Zupkus, and Robert Baldwin Regarding Attorney's Fees Charged in Unrelated Matters [Docket No. 104] is **GRANTED**.

DATED November 26, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge