IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01303-PAB-MEH

BARRY G. GUSTAFSON, a resident of Colorado,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., a Wisconsin corporation,

Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion for Summary Judgment [Docket No. 106] filed by plaintiff Barry G. Gustafson. The motion is fully briefed and ripe for resolution.

**I. BACKGROUND**[1]

This case involves an insurance coverage dispute between Mr. Gustafson and defendant American Family Mutual Insurance Company ("American Family"). On May 17, 2011, Mr. Gustafson initiated this action seeking, among other things, a declaratory judgment that American Family breached its duty to defend Mr. Gustafson in a case in this District, *American Family Mut. Ins. Co. v. Gustafson*, No. 08-cv-02772-MSK (the "Underlying Action"). On January 20, 2012, both parties filed motions for summary judgment. *See* Docket No. 34; Docket No. 36. The Court ruled on their motions on October 5, 2012, finding that American Family had a duty to defend Mr. Gustafson in

---

[1]The facts relevant to this motion were outlined in the Court's October 5, 2012 Order [Docket No. 91] and are incorporated by reference.

the Underlying Action and had breached that duty.  Docket No. 91 at 20.  The order also dismissed Mr. Gustafson's other claims for relief.  *Id*. at 27-28.  Thus, the only issue remaining in this case is the amount of damages suffered by Mr. Gustafson as a result of American Family's breach.

On October 12, 2012, the Court held a Trial Preparation Conference.  *See* Docket No. 94.  At the trial preparation conference, the Court ordered the parties to file motions, in advance of trial, to resolve any remaining legal issues with respect to damages.  Docket No. 94.  On October 24, 2012, Mr. Gustafson filed this motion for summary judgment asking that the Court enter an order finding that, as a matter of law, he is entitled to $244,456.13 in attorneys' fees and costs he incurred to defend the Underlying Action and $50,818.00 to secure loans to pay for his defense.  Docket No. 106 at 4.[2]

## II.  STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, (1986); *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  A disputed fact is

---

[2]In his motion for summary judgment, Mr. Gustafson requests that the Court not restrict his damages evidence after January 14, 2010, when American Family moved to withdraw its Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*., claim in the Underlying Action.  Docket No. 106 at 11-12.  However, such an argument is improper for resolution in a motion for summary judgment.  Because American Family raised the same issue in its Motion in Limine [Docket No. 104], the Court will address this issue when it resolves that motion.

"material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non moving party. *Id.*; see *McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III.  ANALYSIS

#### A.  Breach of Duty to Defend

As noted above, the only issue remaining for trial in this case is the amount of damages. The parties agree that Mr. Gustafson is entitled to an award of attorneys' fees because of American Family's breach of its duty to defend. However, the parties disagree about whether Mr. Gustafson is entitled to an award of attorneys' fees actually incurred or whether Mr. Gustafson is only entitled to an award of reasonable attorneys' fees.

Mr. Gustafson argues that he is entitled to the actual amount of attorneys' fees he provided for his defense in the Underlying Action. Docket No. 106 at 6-8. In addition, Mr. Gustafson claims that he can also recover for any additional costs he incurred that reasonably flow from American Family's breach. Docket No. 106 at 6-8. American Family argues that Mr. Gustafson is only entitled to recover an award of

reasonable attorneys' fees incurred in defending the Underlying Action and that Mr. Gustafson's Businessowners' Policy ("BOP")[3] limits his recovery to "reasonable expenses." Docket No. 108 at 3-5; Docket No. 108-2 at 1.

To establish the scope of Mr. Gustafson's damages, the Court must determine: (1) whether Mr. Gustafson's BOP limits his award of damages to reasonable attorneys' fees; (2) whether Colorado law entitles a successful insured to an award of reasonable attorneys' fees for an insurer's breach of its duty to defend, even when the insurance contract does not on its face so state; and (3) who bears the burden of proof on the reasonableness of the attorneys' fees award.

### 1. Businessowners' Policy

Section II(A)(1)(f) of Mr. Gustafson's BOP states as follows:

**f. Coverage Extension – Supplementary Payments**

(1) [American Family] will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend: . . .

(d) All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

Docket No. 108-2 at 1.

Mr. Gustafson argues that the clause in the BOP upon which American Family relies applies only in circumstances where American Family has agreed to pay for the insured's defense and the insured incurs an expense in connection with that defense. Docket No. 113 at 3. The Court agrees.

---

[3]This name appears on the front of Mr. Gustafson's insurance policy. *See* Docket No. 34-5.

The interpretation of an insurance policy is a matter of law. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). An insurance policy is a contract, which should be interpreted consistently with the well-settled principles of contractual interpretation. *Chacon v. Am. Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990). The words of the contract should be given their plain meaning according to common usage and strained constructions should be avoided. *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 18 (Colo. 1990).

Applying these principles, the Court finds that subsection (f)(1)(d) of the BOP does not expressly limit Mr. Gustafson's recovery to only "reasonable" attorneys' fees incurred for his defense in the Underlying Action. Instead, this clause relates to "reasonable expenses" that American Family may request that the insured incur after American Family agrees to defend the insured. In *Friedland v. Travelers Indem. Co.*, 105 P.3d 639 (Colo. 2005), the Colorado Supreme Court explained that, when an insurance company undertakes the defense of an insured, the insured has a duty of cooperation, which requires the insured to aid the insurer in obtaining information, raising legitimate defenses, attending hearings, and assisting witnesses. *Id*. at 647-48. Moreover, in *Am. Fam. Mut. Ins. Co. v. Teamcorp, Inc.*, 835 F. Supp. 2d 1083 (D. Colo. 2011), the court interpreted essentially identical contract language as "referring to expenses incurred, at American Family's request, to assist in the investigation or defense" when the case is defended or settled solely at the "expense of American Family." *Id*. at 1091. Thus, based on the clear language of the policy, the BOP does

not expressly limit Mr. Gustafson's recovery to "reasonable" attorneys' fees incurred for his defense of the Underlying Action.  *See id.*

### *2.  Damages Recoverable for a Breach of the Duty to Defend*

Mr. Gustafson argues that, under Colorado law, when an insurer breaches its duty to defend, the insured's damages are "those expenses, including attorney's fees, that were actually incurred by the insured to pay for the defense the insurer was contractually-bound to provide."  Docket No. 106 at 4-6 (citation omitted).  Mr. Gustafson contends that he is entitled to recover such damages because that is the only way he will receive the benefit of his bargain.  *Id*. at 7.

When an attorneys' fees provision is not limited to a "reasonable" attorneys' fee award in a diversity case, the Court looks to state law to determine whether state law will imply a "reasonableness" standard and whether the state will alter the burden of proof.  *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1228 (10th Cir. 2009); *see also J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1119 (10th Cir. 2009).  Classification of attorneys' fees as either costs or damages is a fact sensitive inquiry that rests within the sound discretion of the trial court.  *Double Oak Constr., LLC v. Cornerstone Dev. Int'l, LLC*, 97 P.3d 140, 150 (Colo. App. 2003).  Such discretion should be guided by the nature of the requested attorney fees.  *Id*.  Here, the Court finds that Mr. Gustafson's request for attorneys' fees qualify as damages because the fees are sought as the legitimate consequence of American Family's breach of its contractual duties.  *See Bunnett v. Smallwood*, 793 P.2d 157, 160 (Colo. 1990).

In *Bainbridge v. Travelers Cas. Co. of Conn.*, 159 P.3d 748 (Colo. App. 2006), the Colorado Court of Appeals discussed what damages were recoverable by an insured due to an insurer's breach of its duty to defend. *Id*. at 756. The court held that "[g]eneral damages for a breach of the duty to defend include those flowing naturally from the breach: the costs and reasonable attorney fees incurred by the insured in defending itself against the claims asserted." *Id*. (citing *Giampapa v. Am. Fam. Mut. Ins. Co.*, 64 P.3d 230, 237 n.3 (Colo. 2003)).[4] Based on *Bainbridge*, the Court finds that, even in the absence of the word "reasonable" in an insurance contract, Colorado courts would require that an insured's award of attorneys' fees be reasonable. *Cf. LSV, Inc. v. Pinnacle Creek, LLC*, 996 P.2d 188, 192 (Colo. App. 1999) (finding that, although the Mechanic's Lien Statute, Colo. Rev. Stat. § 38-22-128, allowed for recovery of "all attorney's fees . . . the amount awarded [to the prevailing party] must be reasonable").

To the extent Mr. Gustafson relies on *Wheeler v. Reese*, 835 P.2d 572 (Colo. App. 1992), or *Signature Development Co, Inc. v. Royal Ins. Co. of Am.*, 230 F.3d 1215 (10th Cir. 2000), for the proposition that an insured is entitled to actual attorneys' fees incurred, the Court finds this argument unpersuasive. In *Wheeler*, the court stated that an insured can recover "expenses which the insured incurred in defending himself" because of an insurer's breach of its duty to defend. 835 P.2d at 577. The *Wheeler* court remanded the case to the trial court "for a determination of the attorney fees and

---

[4] The court added that, if the breach of the duty to defend is based on contract principles, the insured may recover consequential damages, separate from costs and reasonable attorneys' fees, that "were reasonably foreseeable at the time of [the] contract." *Id*. (citations omitted).

7

other necessary and reasonable litigation expenses arising from Barker's defense against Wheeler in accord with the policy." *Id*. The holding in *Wheeler* refers to "reasonable litigation expenses," but does not refer to whether attorneys' fees must be reasonable. Similarly, in *Signature*, the Tenth Circuit held that "when an insurer breaches its duty to defend, the insured is entitled to receive compensation for any prejudice the insured may have suffered as a result of the breach." 230 F.3d at 1222. However, the court in *Signature* did not provide a definition for the word "prejudice," and the use of the word prejudice does not necessarily exclude a determination of whether attorneys' fees must be reasonable. Therefore, because *Bainbridge* is a more recent case and it speaks directly to the issue of what type of attorneys' fees are recoverable for an insurer's breach of its duty to defend, the Court finds the holding in *Bainbridge* persuasive.[5] Accordingly, the Court finds that Mr. Gustafson is entitled to recover reasonable attorneys' fees for American Family's breach of its duty to defend. Next, the Court must determine which party bears the burden of proving the reasonableness of such attorneys' fees.

---

[5]Other jurisdictions have found that an award of contractual attorneys' fees must be reasonable even where the contract does not expressly require that such fees be reasonable. *See Pedroza v. Lomas Auto Mall, Inc.*, 716 F. Supp. 2d 1031, 1040 (D.N.M. 2010) (listing cases); *Fla. Ins. Guar. Assoc., Inc. v. All the Way with Bill Vernay, Inc.*, 864 So. 2d 1126, 1129 (Fla. Dis. Ct. App. 2003) (finding that, under Florida law, insurer who breaches its duty to defend "is liable to the insured for the reasonable attorney's fees and other expenses incurred in defending the action brought by third party"); *Oscar W. Larson Co. v. United Capitol Ins. Co.*, 845 F. Supp. 458, 461-62 (W.D. Mich. 1993) (finding the same under Michigan law).

### 3. Burden of Proof for Damages

Mr. Gustafson argues that, pursuant to Colorado contract law, once a plaintiff has established his damages, the burden shifts to the defendant to show that the plaintiff's damages are not reasonable. Docket No. 106 at 8. He contends that, because American Family has failed to designate any trial witnesses to speak on the issue of attorneys' fees, it cannot satisfy its burden of proving that the attorneys' fees incurred by Mr. Gustafson are unreasonable. *Id.* at 9-10. Moreover, Mr. Gustafson asserts that American Family has waived an affirmative defense of reasonableness because it did not disclose this affirmative defense in the final pretrial order. *Id.* In response, American Family contends that placing the burden on Mr. Gustafson is consistent with the basic tenets of contract law. Docket No. 108 at 6-7.[6]

In *Westar Energy*, the Tenth Circuit discussed the burden of proof in a case where the contract provision allowing for the recovery of attorneys' fees did not expressly reference reasonableness. 552 F.3d at 1228. The Tenth Circuit indicated that the majority of states have held that when a contractual attorneys' fees provision is

---

[6]To the extent American Family relies on *Echo Acceptance Corp. v. Household Retail Servs.*, 267 F.3d 1068 (10th Cir. 1983), for the proposition that Mr. Gustafson has the burden of proving the reasonableness of his claimed attorneys' fees, the Court disagrees. In *Echo*, the court held that, under Colorado law, to recover an award of damages beyond nominal damages a plaintiff "must prove that he suffered a loss resulting from the defendant's actions." 267 F.3d at 1083. Here, there is no question that Mr. Gustafson can make a threshold showing of loss by testifying that he financed his own defense because of American Family's breach. Similarly American Family's citation to *Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116, 123 (Colo. 2010), is unpersuasive. First, *Nunn* is a tort case based on an insurer's alleged bad faith breach, and not a breach of contract case. 244 P.3d at 119-120. Second, in that case, the plaintiff sought to establish its damages based on the stipulated settlement judgment and not a breach of duty based on contract. Thus, *Nunn* is inapposite to the issues presented here.

not limited by "reasonableness," a fee award is typically upheld unless the payor proves the claimed attorneys' fees are unreasonable or inequitable. *Id*. The rationale, according to the Tenth Circuit, is that because the parties have bargained for one side to pay the other side's actual attorneys' fees, the contract should be enforced so long as the fees are not unreasonable or excessive. *Id*. In *J.R. Simplot*, the Tenth Circuit made it clear that a determination of who bears the burden of proof for a contractual award of attorneys' fees as damages should be determined by state law. 563 F.3d at 1119.

The Court has found no Colorado case addressing the specific question of who bears the burden of proof with respect to the reasonableness of attorneys' fees when an insurer has breached its duty to defend and the insurance contract is silent on reasonableness.[7] Without a guiding opinion from Colorado, the Court must predict what the Colorado Supreme Court would do if faced with this issue. *Pompa v. Am. Family Mut. Ins. Co.*, 520 F.3d 1139, 1142 (10th Cir. 2008); *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002) (noting that, when the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state

---

[7]The parties have not provided any Colorado cases that determine the issue. The cases cited by the parties rely on case law from jurisdictions outside of Colorado. *See, e.g., Liberty Mut. Ins. Co. v. Continental Cas. Co.*, 771 F.2d 579, 582 (1st Cir. 1985) (applying Massachusetts law to determine that a plaintiff has the burden of proof with respect to reasonableness, but the burden of persuasion shifts); *see Emhart Indus., Inc. v. Home Ins. Co.*, 515 F. Supp. 2d 228, 251 (D.R.I. 2007) (applying Rhode Island law to place the burden of reasonableness on the insured); *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077-78 (7th Cir. 2004) (applying Illinois law); *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 193 F.3d 966, 970 (8th Cir. 1999) (applying Missouri law and finding that "insurer gives up its contractual right to control the defense of the underlying action").

court, and, if no such rulings exist, must endeavor to predict how that high court would rule).

Under Colorado law, "the measure of damages for a breach of contract is the loss in value to the injured party . . . plus any other incidental or consequential" damages. *General Ins. Co. of Am. v. City of Colo. Springs*, 638 P.2d 752, 759 (Colo. 1981). Additionally, once a plaintiff establishes damages, it is usually the defendant's burden to produce evidence on which any reduction of damages is to be predicated. *Id.*; *see also Comfort Homes, Inc. v. Peterson*, 549 P.2d 1087, 1090 (Colo. App. 1976) ("It is not a plaintiff's burden to produce the evidence on which any reduction of damages is to be predicated. Mitigation or failure to mitigate is an affirmative defense to be pleaded by the defendants.").

When fee-shifting contracts provide only for "reasonable" attorneys' fees, Colorado courts place the burden on the person seeking the attorneys' fees to show that an award of attorneys' fees is reasonable. *See Gulick v. A. Robert Strawn & Assocs., Inc.*, 477 P.2d 489 (Colo. App. 1970) (finding that plaintiff's vague testimony that his attorneys' fees were "approximately a thousand dollars" was insufficient to prove the reasonableness of his attorneys' fees); *Trosper v. Wilkerson*, 764 P.2d 375, 377 (Colo. App. 1988) (finding that the holder of the promissory note made sufficient showing that his attorneys' fees were paid or incurred by him and were reasonable).[8]

---

[8] In general, to determine whether an attorneys' fee request is reasonable, Colorado courts look at "the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases." *Melssen v. Auto-Owners Ins. Co.*, 285 P.3d 328, 339 (Colo. App. 2012) (citing *Hartman v. Freedman*, 591 P.2d 1318, 1321-22 (Colo. 1979)). However, most courts employing this "reasonableness"

The Court finds that, in accordance with general principles of contract law, the Colorado Supreme Court would place the burden of proving the reasonableness of attorneys' fees on the insurer who breached its duty to defend.  Not only is this consistent with the risk an insurance company takes in denying a duty to defend, *see e.g., Wheeler*, 835 P.2d at 577; *Bernhard v. Farmers Ins. Exch.*, 885 P.2d 265, 271 (Colo. App. 1994), but the argument that plaintiff failed to mitigate damages is an affirmative defense for which, under traditional contract law, a defendant has the burden of proof.  *Comfort Homes*, 549 P.2d at 1090.  Accordingly, the Court finds that American Family bears the burden of proving that Mr. Gustafson's claimed attorneys' fees incurred in defending the Underlying Action were unreasonable.  *See Strauss v. Sheffield Ins. Corp.*, 2006 WL 6158774, at *2 (S.D. Cal. Aug. 23, 2006) (finding that, under California law, "[t]he insured bears the burned of proving the value of the costs incurred in defending the underlying action, 'which are then presumed to be reasonable and necessary defense costs . . . [w]here the insured meets this threshold, the burden shifts to the insurer to prove the unreasonableness of the fees and costs'") (internal citation omitted); *Fireman's Fund Ins. Co. v. Ex-Cell-O Corp.*, 790 F. Supp. 1339, 1346 (E.D. Mich. 1992) (finding that, under Michigan law, if insurer who refuses to provide a

---

standard do not discuss the burden of proof or the subtle differences between fee-shifting statutes, attorneys' fees as contractual damages, or damages pursuant to tort claims.  *See, e.g., Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011) (discussing award of attorneys' fees pursuant to Colo. Rev. Stat. 13-17-201 for frivolous dismissal of tort action); *Kinsey v. Preeson*, 746 P.2d 542, 551 (Colo. 1987) (finding that the party requesting attorney fees bears the burden of proving by a preponderance of the evidence that it is entitled to such an award pursuant to Colo. Rev. Stat. § 13-17-101); *accord Fang v. Showa Entetsu Co., Ltd.*, 91 P.3d 419, 424 (Colo. App. 2003).

defense "wishes to second guess the judgments of the defense counsel that was retained by the insured, it is the insurer's burden to demonstrate that the service provided was outside the parameters . . . of reasonable professional assistance").

In summary, Mr. Gustafson may present evidence of the costs and attorneys' fees he incurred and American Family, despite not endorsing "reasonableness" as an affirmative defense,[9] may attempt to show that Mr. Gustafson's claimed attorneys' fees and costs are unreasonable.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff Barry G. Gustafson's Motion for Summary Judgment on the Issue of Damages and Burden of Proof for Breach of Contract Claim [Docket No. 106] is **GRANTED** in part and **DENIED** in part as indicated in this order.

DATED November 26, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[9]Since the burden of proof at trial is unclear under Colorado law, American Family will not be precluded from attempting to show that Mr. Gustafson's claimed attorneys' fees and costs are unreasonable so long as it has properly endorsed a witness to discuss such issues.