IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01303-PAB-MEH

BARRY G. GUSTAFSON, a resident of Colorado,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., a Wisconsin corporation,

Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion in Limine [Docket No. 105] filed by defendant American Family Mutual Insurance Company ("American Family"). The motion is fully briefed and ripe for resolution.

## I.   BACKGROUND[1]

This case involves an insurance coverage dispute between plaintiff Barry G. Gustafson and American Family. On May 17, 2011, Mr. Gustafson initiated this action seeking, among other things, a declaratory judgment that American Family breached its duty to defend Mr. Gustafson in a case in this District, *American Family Mut. Ins. Co. v. Gustafson*, No. 08-cv-02772-MSK (the "Underlying Action"). On January 20, 2012, both parties filed motions for summary judgment. *See* Docket No. 34; Docket No. 36. The Court ruled on their motions on October 5, 2012, finding that American Family had a duty to defend Mr. Gustafson in the Underlying Action and had breached that duty.

_____

[1] The facts relevant to this motion were outlined in the Court's October 5, 2012 Order [Docket No. 91] and are incorporated by reference.

Docket No. 91 at 20.  The order also dismissed Mr. Gustafson's other claims for relief. *Id*. at 27-28.  Thus, the only issue remaining in this case is the amount of damages suffered by Mr. Gustafson as a result of American Family's breach.

American Family filed the present motion in limine seeking to exclude Mr. Gustafson and his wife, Lynn Gustafson, from testifying about: (1) the attorneys' fees they incurred in defending the Underlying Action; (2) the scope and nature of the work performed by their attorneys in the Underlying Action; (3) the attorneys' fees incurred by American Family in the Underlying Action; (4) all attorneys' fees on the grounds that their initial disclosures did not comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure; (5) their claimed special or consequential damages; and (6) the costs and attorneys' fees they incurred in the Underlying Action after January 14, 2010.

## II.  STANDARD OF REVIEW

The purpose of a motion in limine is to aid the trial process by enabling the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996)) (further citations omitted).  Pretrial rulings often may save time at trial, as well as save the parties time, effort, and cost in preparing their cases.  *Cline*, 188 F. Supp. 2d at 1291.  The Court recognizes that in many cases, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)

(though in limine rulings can save time, cost, effort and preparation, court is usually better situated during trial to assess evidence). However, the "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) (citation omitted). Moreover, a ruling in limine does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) (internal quotation omitted).

### III. ANALYSIS

#### A. Fed. R. Evid. 701

American Family seeks to preclude Mr. Gustafson and Lynn Gustafson[2] from testifying about the damages they suffered as a result of American Family's breach of its duty to defend. Docket No. 105 at 5. American Family argues that the Gustafsons have the burden of showing the reasonableness of their damages and, because they were not disclosed as expert witnesses, they cannot testify about the reasonableness of the attorneys' fees they incurred in the Underlying Action. *Id.* at 6. American Family claims that any testimony provided by the Gustafsons about the "reasonableness" of their attorneys' fees in the Underlying Action requires specialized knowledge and therefore falls outside the purview of Rule 701 of the Federal Rules of Evidence. *Id.* at

---

[2] For ease of reference, the Court will refer to Mr. Gustafson and Lynn Gustafson as the "Gustafsons."

3

7. American Family also requests that the Court preclude the Gustafsons from using the terms "reasonable" or "necessary" when describing their damages. *Id*. at 7.[3]

Under Rule 701, lay witnesses may give opinion testimony only if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [expert testimony] Rule 702." Fed. R. Evid. 701. Rule 701 "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (citation omitted). "[T]he type of evidence contemplated by . . . Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and . . . items that cannot be described factually in words apart from inferences." *Id*.

As discussed in the Court's Order on the Motion for Summary Judgment [Docket No. 124], in order to prove damages, the Gustafsons must prove the costs and attorneys' fees they incurred in the Underlying Action. Docket No. 124 at 12. Once the Gustafsons establish their damages, American Family bears the burden of proving that the Gustafsons' claimed attorneys' fees in defending the Underlying Action are

---

[3]American Family also argues that, pursuant to the Businessowners Policy, Docket No. 105-5, Mr. Gustafson is only entitled to an award of reasonable expenses incurred in defending the Underlying Action. Docket No. 105 at 6. However, as noted in the Court's November 26, 2012 Order [Docket No. 124], this policy does not expressly limit Mr. Gustafson's damages to "reasonable" attorneys' fees incurred for his defense in the Underlying Action. Docket No. 124 at 6.

unreasonable or were unnecessary.  *Id*.  Given this burden shifting framework, testimony about the costs and attorneys' fees the Gustafsons incurred in defending the Underlying Action qualifies as lay witness testimony pursuant to Rule 701 because it is based on their personal knowledge and does not rely on scientific, technical, and otherwise specialized knowledge.  *See LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004) (lay opinions are those that "do not require any specialized knowledge and could be reached by any ordinary person").  However, although the Gustafsons may testify about the costs and attorneys' fees they incurred in the Underlying Action, they will be precluded from testifying that those fees were "reasonable" or "necessary" because such testimony falls within the purview of Rule 702 of the Federal Rules of Evidence since it requires specialized knowledge and is beyond the realm of common experience.

### B.   Work Performed by Mr. Gustafson's Attorneys in the Underlying Action

American Family seeks to preclude the Gustafsons from testifying about the work performed by their attorneys in prosecuting the Underlying Action.  Docket No. 105 at 7.  Specifically, American Family seeks to preclude the Gustafsons from testifying about the specific tasks performed by their attorneys, the date on which these tasks were performed, and the hours their attorneys expended on such tasks.  *Id*. at 7-8.  American Family contends that the Gustafsons cannot testify as to these issues because they are not within the Gustafsons' personal knowledge.  *Id*.  Morever, Mr. Gustafson's amended exhibit list, Docket No. 95-1, does not disclose the billing invoices detailing the work performed by attorneys in the Underlying Action.  American Family

claims that the proffered testimony from the Gustafsons is inadmissible hearsay pursuant to Fed. R. Evid. 802 and does not satisfy Rule 1002 of the Federal Rules of Evidence. Docket No. 105 at 8.

The Gustafsons claim that testimony about the tasks performed by their attorneys, such as preparing motions, conducting discovery, and preparing for trial, is not hearsay. Docket No. 110 at 5. They argue that they may testify about these issues based on their own personal knowledge garnered from a review of the invoices provided by their attorneys. *Id*. at 6.

Under Rule 801 of the Federal Rules of Evidence, an out-of-court utterance must have two characteristics before it is rendered inadmissible as hearsay: it must be a "statement" – that is, verbal, written, or nonverbal conduct intended as an assertion – and it must be offered to prove the truth of the matter asserted. Fed. R. Evid. 801(a), (c); *Boren v. Sable*, 887 F.2d 1032, 1035 (10th Cir. 1989). Here, the Court finds that the Gustafsons' testimony about the tasks performed by their attorneys in the Underlying Action qualifies as hearsay. Because the Gustafsons did not personally witness their attorneys' work in the Underlying Action, their proffered testimony about the tasks performed by their attorneys relies on written assertions prepared by someone else. The Gustafsons do not claim to have knowledge of the work performed by their attorneys independent of the representations written on the invoices and, as such, the Gustafsons' proffered testimony reciting information contained in the invoices represents out-of-court statements offered for the truth of the matter, namely, that their attorneys actually performed these tasks in the Underlying Action. Accordingly, because the proffered testimony is hearsay, the Gustafsons will be precluded from

testifying about the tasks performed by their attorneys in the Underlying Action.[4] *See* Fed. R. Evid. 802.

### C. American Family's Attorneys' Fees and Costs in the Underlying Action

American Family requests that the Court preclude the Gustafsons from testifying about the attorneys' fees and costs incurred by American Family in the Underlying Action. Docket No. 105 at 9. American Family argues that this testimony is inadmissible hearsay pursuant to Fed. R. Evid. 802 and violates Rule 1002 of the Federal Rules of Evidence. *Id.* In addition, American Family claims that the attorneys' fees and costs American Family incurred in the Underlying Action are irrelevant to the Gustafsons' claim for damages. *Id*.

The Gustafsons contend that American Family's costs from the Underlying Action are relevant because a jury, upon learning that American Family spent approximately the same amount in defending the Underlying Action, could determine that the Gustafsons' claimed damages were reasonable. Docket No. 110 at 6-7. Moreover, the Gustafsons claim that testimony of the attorneys' fees and costs American Family incurred in the Underlying Action is not hearsay, but rather an admission by a party opponent. *Id*.

The Court finds that evidence of the attorneys' fees incurred by American Family would be inadmissible as irrelevant. Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less

---

[4]Because the Court finds that Mr. Gustafson's proposed testimony constitutes inadmissible hearsay, the Court will not discuss admissibility pursuant to the Best Evidence Rule.

7

probable than it would be without the evidence." Fed. R. Evid. 401. In addition, "[r]elevant evidence is admissible unless . . . the United States Constitution; a federal statute; [Rules of Evidence]; or other rules prescribed by the Supreme Court" provides otherwise. Fed. R. Evid. 402.

In general, to determine whether an attorneys' fee request is reasonable, Colorado courts look at "the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases." *Melssen v. Auto-Owners Ins. Co.*, 285 P.3d 328, 339 (Colo. App. 2012) (citing *Hartman v. Freedman*, 591 P.2d 1318, 1321-22 (Colo. 1979)). Based on the aforementioned factors, a determination of the reasonableness of the fees expended by the Gustafsons' attorneys requires an analysis of whether the actions taken by their attorneys were reasonable in the Underlying Action. As such, the costs incurred by American Family in defending the Underlying Action are irrelevant. American Family was not defending Mr. Gustafson; it was bringing a case against him. As a result, the number of hours expended, the discovery approach, and the strategy are not comparable. Accordingly, the Court finds that, because the attorneys' fees and costs incurred by American Family are irrelevant to a determination of the reasonableness of the Gustafsons' claimed damages, they will be precluded from providing this testimony at trial. Fed. R. Evid. 402.

### D. Fed. R. Civ. P. 26

American Family requests that the Court preclude the Gustafsons from testifying about the attorneys' fees they incurred in defending the Underlying Action on the grounds that their initial disclosures were inadequate under Rule 26(a)(1)(A)(i) of the

Federal Rules of Civil Procedure.  Docket No 105 at 10.  Specifically, American Family argues that disclosing Mr. Gustafson as having knowledge of "all aspects of his claim," Docket No. 105-3 at 2, does not satisfy Rule 26(a)(1)(A)(I).  Docket No. 105 at 10.  In addition, American Family claims that disclosing Lynn Gustafson as having knowledge about "the damages that have occurred as a result of the denial of coverage," Docket No. 105-3 at 2, was insufficient notice that Lynn Gustafson could testify about the attorneys' fees incurred in the Underlying Action.  Docket No. 105 at 10.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party must disclose to the other party in advance of formal discovery:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – *along with the subjects of that information* – that the disclosing party may *use to support its claims or defenses*, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(I) (emphasis added).  While a party is not required to provide a complete recitation of an individual's knowledge, Rule 26(a)(1)(A) disclosures should indicate "briefly the general topics on which such persons have information."  *See* Fed. R. Civ. P. 26(a)(1)(A) Adv. Comm. Notes (1993); *accord Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. Sept. 5, 2007).  The mandatory disclosure requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, to "help focus the discovery that is needed, and facilitate preparation for trial or settlement."  *See* Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993).  Because the purpose of Rule 26(a)(1) is to accelerate the exchange of basic information and prevent a party from being unfairly surprised, "disclosure requirements should, in short, be applied with common sense" to help focus discovery and prevent

the risk that litigants will "indulge in gamesmanship with respect to the[ir] disclosure obligations." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (citing Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993)); *see Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004).

### *1. Mr. Gustafson's Rule 26(a)(1) Disclosures*

The Court finds that Mr. Gustafson's initial disclosures did not comply with the requirements of Rule 26(a)(1)(A)(I). Mr. Gustafson's disclosure that he had knowledge about "all aspects of his claim" did not notify American Family of the specific subjects about which he had discoverable information. *See Lobato*, 2007 WL 2593485, at *5 (the "Advisory Committee's reference to 'topics' suggests that the disclosing party must provide more than a perfunctory statement that the identified person has information 'about the case'").

A party's failure to comply with Rule 26(a) subjects him to the sanctions identified in Fed. R. Civ. P. 37(c)(1). Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to *use that information* or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Ins. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The


determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Id*. The nonmoving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

Applying these factors to the case, the Court finds that Mr. Gustafson's failure to comply with Rule 26(a)(1)(A)(i) was harmless because American Family had sufficient information about Mr. Gustafson's damages to eliminate any surprise or prejudice. Because Mr. Gustafson's initial disclosures itemized his claimed damages, *see* Docket No. 105-3 at 9-10, any testimony presented by Mr. Gustafson at trial will not be a surprise to American Family. In addition, because Mr. Gustafson's testimony will be limited to actual attorneys' fees incurred – and not the reasonableness of those fees – American Family has failed to identify how it will be prejudiced. Accordingly, the Court will deny American Family's request to exclude Mr. Gustafson's testimony for failure to satisfy Rule 26(a)(1).

### 2. *Lynn Gustafson's Rule 26(a)(1) Disclosures*

The Court finds that Lynn Gustafson's disclosures were sufficient to satisfy Rule 26(a)(1)'s disclosure requirements. As noted above, Rule 26 requires only that a plaintiff provide the general topics on which potential witnesses may have information. *See* Fed. R. Civ. P. 26(a)(1)(A) Adv. Comm. Notes (1993). Disclosing Lynn Gustafson as having knowledge of damages was sufficient to notify American Family that she would have information about the attorneys' fees incurred to defend the Underlying

Action. Accordingly, the Court will deny American Family's motion to exclude Ms. Gustafson's proffered testimony for failure to satisfy Rule 26(a)(1).

### E. Special or Consequential Damages

American Family seeks to preclude Mr. Gustafson from providing testimony about the alleged costs of a loan used to finance the Underlying Action. Docket No. 105 at 12. American Family argues that evidence of this loan should be excluded because Mr. Gustafson: (1) did not plead willful and wanton breach of contract; (2) did not plead special damages as required by Rule 9(g) of the Federal Rules of Civil Procedure; and (3) has not disclosed a witness who will testify about the foreseeability of the loan at the time American Family issued the insurance policy. *Id*. at 13.

In *Bainbridge, Inc. v. Travelers Cas. Co. of Conn.*, 159 P.3d 748 (Colo. App. 2006), the Colorado Court of Appeals held that "[g]eneral damages for a breach of the duty to defend include those flowing naturally from the breach: the costs and reasonable attorney fees incurred by the insured in defending itself against the claims asserted." *Id.* at 756 (citing *Giampapa v. Am. Fam. Mut. Ins. Co.*, 64 P.3d 230, 237 n.3 (Colo. 2003)). The court added that, if the breach of the duty to defend is based on contract principles, the insured may recover consequential damages, separate from costs and reasonable attorneys' fees, that "were reasonably foreseeable at the time of [the] contract." *Id*. (citations omitted).

Mr. Gustafson seeks to recover the finance costs of loans he took out to pay for the Underlying Action arguing that it was foreseeable to American Family – when the parties entered into the insurance contract – that he would have to secure a loan if

12

American Family breached its duty to defend.  Docket No. 110 at 10-11.  Mr. Gustafson claims that he will present evidence showing that his finance costs were the natural and probable consequence of American Family's breach of its duty to defend.  *Id*. at 11.  Given this explanation, the Court finds that Mr. Gustafson seeks consequential damages and not special damages.  *Bainbridge*, 159 P.3d at 756.  Because Mr. Gustafson does not seek special damages, he is not subject to the heightened pleadings standards set forth in Rule 9(g) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 9(g) ("[i]f an item of special damage is claimed, it must be specifically stated"); *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1266-67 (10th Cir. 2007) (finding that special damages depend on particular circumstances of the case and are typically damages that are unrelated to the circumstances of the breach).

In order to prove his consequential damages, Mr. Gustafson is not necessarily dependent on testimony from an American Family representative as to foreseeability.  For instance, Mr. Gustafson may have provided American Family with information regarding his finances that put American Family on notice that he would not be able to pay the costs and fees of defending himself in the Underlying Action.  Accordingly, the Court will deny American Family's motion to preclude Mr. Gustafson from testifying about the financing costs he incurred to pay for his defense in the Underlying Action.

## F.  Termination of Duty to Defend

On January 14, 2010, American Family sought to amend its complaint in the Underlying Action to withdraw its claim against Mr. Gustafson under the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq*.  Mr. Gustafson

opposed American Family's motion to withdraw the CCPA claim, arguing that American Family could not voluntarily dismiss the basis of Mr. Gustafson's duty to defend. The court in the Underlying Action ruled in favor of American Family and the CCPA claim was subsequently dismissed.

American Family requests that the Court preclude Mr. Gustafson from providing any testimony with regard to attorneys' fees and costs incurred after January 14, 2010. American Family argues that its duty to defend ended when it moved to withdraw its CCPA claim against Mr. Gustafson. Docket No. 105 at 14. American Family claims that any delay in the removal of the CCPA claim in the Underlying Action stems from Mr. Gustafson's unreasonable opposition to the withdrawal of the CCPA claim. *Id*. American Family contends that, because Mr. Gustafson's opposition to its motion to withdraw was unreasonable, he is not entitled to recover costs and attorneys' fees expended after January 14, 2010. *Id*. In response, Mr. Gustafson claims that American Family's duty to defend did not cease on the day it moved to withdraw its CCPA claim, but rather on the day the CCPA claim was actually dismissed by the court. Docket No. 110-11.

Relying on several out-of-circuit cases, the parties agree that an insurer's duty to defend ends when the claims giving rise to the duty to defend are dismissed, settled, or otherwise eliminated.[5] *See, e.g., Conway Chevrolet-Buick, Inc. v. Travelers Indemnity Co.*, 136 F.3d 210, 214 (1st Cir. 1998) (finding that an insurer did not breach its duty to defend when it withdrew its representation of the insured once a summary judgment

---

[5]The parties also do not dispute that the CCPA claim is the only claim in the Underlying Action that gave rise to American Family's duty to defend.

motion dismissed all claims giving rise to coverage); *Harborside Refrigerated Servs. v. IARW Ins. Co, Ltd.*, 759 F.2d 829, 830 (11th Cir. 1985) (finding that an insurer has a duty to defend until such time as the covered portion of the claim is eliminated from the suit); *accord North Bank v. Cincinnati Ins. Co.*, 125 F.3d 983, 986 (6th Cir. 1997) (finding that, under Michigan law, duty to defend ends when all possible theories of recovery which could be covered by the policy are eliminated). Because the parties agree about the applicable law, the Court will rely on the holding from these cases though it is not settled that this is the state of the law in Colorado.

Despite the agreement on the applicable law, the parties disagree about whether Mr. Gustafson's damages should be limited to reasonable attorneys' fees incurred before January 14, 2010. In applying the rationale from *Conway*, *Harborside*, and *North Bank*, the Court finds that Mr. Gustafson is not precluded from presenting testimony about the costs and attorneys' fees he incurred after January 14, 2010. The aforementioned cases stand for the proposition that an insurer's duty to defend does not cease until a claim leading to that duty is eliminated or otherwise terminated from the underlying action. *See Conway*, 136 F.3d at 214; *Harborside*, 759 F.2d at 830; *North Bank*, 125 F.3d at 986. It is undisputed that American Family's CCPA claim was not dismissed from the Underlying Action on January 14, 2010. Thus, the Court will deny American Family's motion to preclude Mr. Gustafson from testifying about attorneys' fees and costs incurred after January 14, 2010. However, Mr. Gustafson's recovery of attorneys' fees and costs will be limited to those incurred before July 23,

2010, the date on which the CCPA claim was dismissed from the Underlying Action.

*See* Docket No. 105-2.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion in Limine Re: Plaintiff's Damages [Docket No. 105] is **GRANTED** in part and **DENIED** in part as indicated in this Order.

DATED November 27, 2012.

                                  BY THE COURT:

                                   s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge